UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL HOME LOAN MORTGAGE
CORPORATION,

        Plaintiff,                              Hon. Janet T. Neff

v.                                                Case No. 1:11-cv-00577

ERVIN JOSEPH LAMIE, JR.,

        Defendant.
_____/

ERVIN JOSEPH LAMIE, JR.,

        Counter-Plaintiff,

v.

FEDERAL HOME LOAN MORTGAGE
CORPORATION,

        Counter-Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on the Motion of Federal Home Loan Mortgage Corporation ("Freddie Mac") to Dismiss Counter Complaint and for Summary Judgment on Complaint (Dkt. 17), which was referred to the undersigned by the Honorable Janet T. Neff for report and recommendation under 28 U.S.C. § 636(b)(1)(B). A hearing was held on the motion on November 27, 2012. For reasons stated on the record and in this report and recommendation, the undersigned recommends that Freddie Mac's motion be granted.

I.   Introduction

Freddie Mac moves for summary judgment and to dismiss the affirmative defenses and counter-claims of Ervin Joseph Lamie, Jr. ("Lamie, Jr.") on the basis of res judicata and the court's opinion in order on the merits in the case of *Ervin Joseph Lamie, Jr. v. Federal Home Loan Mortgage Corporation*, Case No. 1:11-cv-156, dated May 21, 2012.

On February 29, 2008, Lamie, Jr.'s father Ervin Joseph Lamie, Sr., ("Lamie, Sr.") executed a residential mortgage with Fifth Third Mortgage-MI, LLC ("5/3") and used the real property commonly known as 5494 Wilson Road in Fruitport, Michigan to secure the debt. (Dkt. 17, Exh. 1). Lamie, Sr. subsequently defaulted on his repayment obligations, and 5/3, as lender, loan servicer and recordholder of the mortgage, commenced nonjudicial foreclosure proceedings under MCL 600.3201 et seq. Subsequently the property sold at a sheriff's sale on January 8, 2010, where the high bid was placed by Freddie Mac. (Dkt. 17, Exh. 2). Lamie, Sr. had a 12-month statutory right of redemption following the sale. MCL 600.3240. The period expired without redemption funds being tendered, and Lamie, Sr.'s interest in the property was extinguished and title vested in Freddie Mac as the holder of the sheriff's deed. MCL 600.3236.

II.  Lamie, Jr. Files His Challenge to the Foreclosure

Lamie, Jr. claimed an interest in the property and in the extinguished mortgage by quitclaim deed dated August 26, 2008 and recorded April 5, 2010 (Dkt. 17, Exh. 3; see also Counter-Complaint at ¶ 1), and challenged the foreclosure. He filed an action with the Muskegon County Circuit Court on January 10, 2011, naming as defendants Freddie Mac, 5/3, and Orlans Associates, PC. The complaint alleged as follows:

Count I – Breach of Contract

Count II – Defects is (sic) Published Notices

Count III – Defendant 5th 3rd Not a Real Party in Interest

Count IV – Defendant Freddie Mac Not a Real Party in Interest

Count V – Orlans Associates Abuse of Process and Intentional Infliction of Emotional Distress.

(Dkt. 17, Exh. 4).

Freddie Mac removed the state court lawsuit to this court on February 14, 2011 pursuant to 12 U.S.C. § 1452 (f), where it was assigned to the Hon. Janet T. Neff and given case No. 1:11-cv-156. Lamie, Jr.'s claims against 5/3 were dismissed by stipulation on August 2, 2011, and his claims against Orlans Associates, PC were dismissed on August 18, 2011 (Dkt. 17, Exhs. 5 and 6). This court granted Freddie Mac's motion to dismiss and entered judgment in its favor on May 21 2012. (Dkt. 17, Exh. 7). Lamie, Jr. did not appeal.

III.   Freddie Mac Files Summary Eviction Proceedings, and Lamie, Jr. Files a Counter-Complaint

Following the expiration of the statutory redemption period, Freddie Mac commenced summary eviction proceedings in the 60th District Court on January 21, 2011, to gain possession of the subject property. (Dkt. 17, Exh. 8). Lamie, Jr. appeared at the initial hearing and contested the suit. Subsequently, an answer and affirmative defenses and a counter-complaint alleging five counts were filed:

Count I – Setting Aside the Sheriff's Deed

Count II – Fifth Third Mortgage-MI Failed to Post the MCL 600.3205a Notice As Required

Count III – Counter Defendant's Fraud As to Its Claim of Ownership of the Note

Count IV – Quiet Title Action

Count V – Counter Plaintiff's Claim for Mental Distress Damages

(Dkt. 17, Exh. 9).

On Freddie Mac's removal of the eviction action pursuant to its express authority under 12 U.S.C. § 1452(f), the case was assigned to the Hon. Janet T. Neff under case number 1:11-cv-577. A stay of this case was entered pending resolution of Lamie, Jr.'s motion to dismiss in the earlier filed case, 1:11-cv-156. (Dkt. 17, Exh. 10). The case was subsequently reinstated following the court's granting of Freddie Mac's motion to dismiss in case number 1:11-cv-156. (Dkt. 17, Exh. 11).

According to Freddie Mac, the defenses Lamie, Jr. raises in this case, as well as the counterclaims he asserts, are virtually identical to the claims he made in case number 1:11-cv-156 or, alternatively, are claims he could and should have made in that suit. Thus, Freddie Mac argues that because the Hon. Janet T. Neff has already decided against Lamie, Jr. in case number 1:11-cv-156, he is barred by the doctrine of res judicata from litigating the issues in this case.

IV.     Standard

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); see also, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or

possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may

disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 James William Moore, et al., Moore's Federal Practice § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

V.   Analysis

Res judicata bars a subsequent action when: 1) the first action was decided on the merits; 2) the matter contested in the second action was, or could have been, resolved in the first action; and 3) both actions involve the same parties or their privies. *See, Dart v. Dart*, 460 Mich. 573, 586 (1999).

Regarding the first prong, there can be no doubt that Lamie, Jr.'s prior action was decided on the merits when the court granted Freddie Mac's motion to dismiss under Fed. R. Civ. P. 12(b)(6). (Dkt. 17, Exh. 7). Dismissal for failure to state a claim constitutes a decision on the merits for purposes of res judicata. *See, e.g., Kitchen-Bey v. Hoskins*, 2006 WL 3500617,*3 (W.D. Mich. December 4, 2006) (Bell, C.J.); *see also, Guzowski v. Hartman*, 969 F.2d 211, 216 (6th Cir. 1992).

Regarding the second prong, this action clearly involves matters which were or could have been resolved in the first action. The prior action also involved challenges associated with the foreclosure, and argued that the Sheriff's sale was invalid. This is exactly the same challenge raised in Lamie, Jr.'s current affirmative defenses and counter-complaint. The redundancy of the issues raised in this matter and the earlier matter are startling, to say the least. To the extent that there is any variation in the allegations, it is clear that they all relate to the foreclosure and could and should have been raised in the prior action. The doctrine of res judicata bars not only claims already litigated but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not. *See, Adair v. State*, 470 Mich. 105, 121 (2004).

Satisfying the third prong, both actions involve exactly the same parties and the same transaction(s).

Lamie, Jr. did file an objection to Freddie Mac's motion to dismiss counterclaim and for summary judgment on the complaint but he completely failed to address the linchpin of Freddie Mac's argument, i.e., res judicata. (Dkt. 23, 24). Instead he gives legal dissertations on fraud, conspiracy to defraud, and various legal ethics issues. This particular pleading does nothing to shed any light on the relevance of these issues to the specific point made by Freddie Mac's motion. At the November 27, 2012 hearing, it was pointed out to Lamie, Jr. that his response had wholly failed to address the clear theory of Freddie Mac's argument. Even at the hearing, he never addressed the issue of res judicata, instead raising a complaint he had filed that morning, along with the estate of his father, Ervin Joseph Lamie, Sr., against Paul Wright, Rachel Cereska, Greg Smith, Pamela Sue Smith, David W. LaMie, Muriel D. LaMie, Fifth Third Bank, and Federal Home Loan Mortgage Corporation, i.e., Freddie Mac.[1] It was explained to Lamie, Jr. on the record that a subsequently filed a lawsuit involving different, albeit not all different, parties had no bearing as to whether the plaintiff in this action was entitled to the requested relief of summary judgment.

VI. Conclusion

The undersigned hence found nothing in the pleadings or the arguments to undermine Freddie Mac's contention that summary judgment should be granted on this matter under the doctrine of res judicata. Therefore, it is recommended that the Motion of Federal Home Loan

---

[1] This matter was assigned to Chief Judge Paul L. Maloney under case number 1:12-cv-1299.

Mortgage Corporation to Dismiss Counter Complaint and for Summary Judgment on Complaint (Dkt. 17) be **granted**, and that judgment be entered in favor of Freddie Mac.

Respectfully submitted,

Date: January 15, 2013                 /s/ Ellen S. Carmody
                                       ELLEN S. CARMODY
                                       United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).