UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL HOME LOAN MORTGAGE CORPORATION,

    Plaintiff,                               Hon. Janet T. Neff

v.                                               Case No. 1:11 CV 577

ERVIN JOSEPH LAMIE JR.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on The Federal Home Loan Mortgage Corporation's Motion for Writ of Eviction, (Dkt. #43), which was referred to the undersigned by the Honorable Janet T. Neff for report and recommendation under 28 U.S.C. § 636(b)(1)(B).[1] For the reasons articulated below, the undersigned recommends Plaintiff's motion be **granted**.

The Federal Home Loan Mortgage Corporation ("Plaintiff") removed this eviction proceeding from state court to federal court pursuant to 12 U.S.C. § 1452(f). On February 27, 2013, judgment was entered in favor of Plaintiff on this issue of possession. (Dkt. #38). Subsequently, Ervin Joseph Lamie, Jr. ("Defendant") filed his notice of appeal regarding this Court's final judgment. (Dkt. #39). Defendant's appeal, however, was filed without posting an appeal bond staying execution of judgment. Plaintiff now moves, pursuant to MCL 600. 5744, for a writ of restitution ordering Defendant be evicted from the foreclosed property. (Dkt. #43).

---

[1] Plaintiff refers to the requested writ as a writ of eviction. The applicable statute, however, references such as a writ of restitution. This appears to be nothing more than differing nomenclature.

Upon entry of judgment in a proceeding for possession, the Court shall issue a writ of restitution. *See* MICH. COMP. LAWS 600.5744(1). This writ of restitution shall put Plaintiff in full possession of the premises. *Id.* While Defendant has filed a notice of appeal, no motion for stay of the judgment was ever filed. An appellant may, at their discretion, stay judgment by posting an appeal bond. *See Menovcik v. BASF Corp.*, 2012 WL 5471867, at *1 (E.D. Mich. 2012) ("[w]hen appealing a judgment, an appellant may stay its enforcement by posting a supersedeas bond.").

Defendant has made no motion for stay, nor has any bond been posted. As such, the issuance of a writ of restitution will not be delayed by Defendant's appeal. *Id.* The undersigned, therefore, noting this Court has entered judgment in favor of Plaintiff on the matter of possession, recommends <u>The Federal Home Loan Mortgage Corporation's Motion for Writ of Eviction,</u> (Dkt. #43), be **granted**. The record contains a writ of eviction, prepared by Plaintiff. (Dkt. #44, Ex. 1).

Respectfully submitted,

Date: August 1, 2013                     /s/ Ellen S. Carmody
                                         ELLEN S. CARMODY
                                         United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).