UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL HOME LOAN MORTGAGE
CORPORATION,

        Plaintiff,                                Case No. 1:11-cv-577

v.                                                 HON. JANET T. NEFF

ERVIN JOSEPH LAMIE, JR.,

        Defendant.
_____/

## OPINION AND ORDER

       Plaintiff Federal Home Loan Mortgage Corporation removed this eviction proceeding from state court pursuant to 12 U.S.C § 1452(f). Judgment was entered in favor of Plaintiff on February 27, 2013. Plaintiff now seeks a writ of eviction to proceed with securing the property at issue. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court grant Plaintiff's motion for a writ of eviction. The matter is presently before the Court on Defendant's objections to the Report and Recommendation and Plaintiff's Response (Dkt 51), and Defendant's subsequently-filed Motion to Stay Eviction Proceedings (Dkt 53). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies Defendant's objections, denies Defendant's Motion to Stay Eviction Proceedings, and issues this Opinion and Order.

**I. Defendant's Objections to the Report and Recommendation**

Defendant raises two objections to the Magistrate Judge's Report and Recommendation. First, Defendant asserts that "[t]he Magistrate failed to address this courts [sic] own local court rules and uphold the fact that plaintiff filed this documentation with the federal court on June 18, 2013 without contacting the defendant pursuant to the local federal court rule 7.1(d) in which the moving party is to contact the opposing party to determine whether or not the other party would oppose the motion" (Def. Obj., Dkt 49 at 1). Defendant's objection lacks merit.

Defendant correctly observes that the Magistrate Judge did not address Local Rule 7.1(d); however, this omission does not constitute error. Local Rule 7.1(d), titled "Attempt to obtain concurrence," requires that the moving party ascertain whether a motion will be opposed and that such efforts be affirmatively stated in the motion. *See* Local R. Civ. P. 7.1(d). Contrary to Defendant's assertion, Plaintiff's motion brief addresses the requirements of Rule 7.1(d) (Dkt 44 at 5). There was no need for the Magistrate Judge to address Rule 7.1(d) in the Report and Recommendation. Defendant opposed the motion, requiring that the Magistrate Judge resolve the motion on the merits. Defendant's objection is denied.

Second, Defendant objects to the Magistrate Judge's conclusion that enforcing judgment in this matter is appropriate despite the filing of an appeal with the Sixth Circuit, because "Defendant has made no motion for stay, nor has any stay bond been posted" (R & R, Dkt 48 at 2). Defendant argues that, "The Magistrate incorrectly stated that a motion for a stay had to be filed by the Defendant"; however, "Defendant did not have to file a motion for a stay in this matter [since] it was automatically put in place when the defendant filed the appeal" (Def. Obj. at 2). Defendant's objection lacks merit.

Defendant cites no authority to support his position that a stay is automatic. An automatic stay is enforced on the execution of a judgment for fourteen days immediately following its entry, except for two limited circumstances not present in this case. FED. R. CIV. P. 62(a). This rule, however, does not stay a case during appeal. If an appeal is taken, the appellant may obtain a stay by supersedeas bond. FED. R. CIV. P. 62(d).[1] As the Magistrate Judge noted, Defendant did not post a supersedeas bond in this matter (R & R at 2). Defendant's objection is therefore denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

**II. Defendant's Motion to Stay Eviction Proceedings**

Following the Report and Recommendation on the writ of eviction, Defendant filed a motion to stay this matter pending the resolution of his appeal (Dkt 53).[2] The Court finds no basis for a stay.

Defendant cites Rule 62, arguing that the Sixth Circuit is almost certain to decide legal questions that determine, or at least significantly inform, the outcome of this case, and therefore, a stay is warranted as a matter of judicial economy and to avoid imposing unnecessary costs and burdens on the Court and the parties through continued litigation (Mot., Dkt 53 at 4). Further, the benefits outweigh any harm that could be caused by a stay, since Defendant will continue to face

---

[1] Because Defendant's appeal does not involve an injunction, Federal Rule of Civil Procedure 62(d) controls.

[2] Defendant also requests a stay pending the hearing of a motion to set aside the default judgment in the 60th District Court in Michigan (Mot. at 1-2). Defendant provides no supporting facts or reference to the purported matter pending in state court. Case No. 11-011795 LT from the 60th District Court was removed to this Court on June 2, 2011, which is the present case. The Court finds no basis for a stay pending "independent proceedings" in the state court (*id.* at 2-3).

liability for any harm from alleged stripping of the home at issue and placing waste material on the site (*id.* at 5). These arguments do not support a stay of the judgment in this case.

"Rule 62(d) gives an appellant a right to a stay pending appeal, provided the appellant posts a 'satisfactory supersedeas bond.'" *Dubuc v. Green Oak Twp.,* No. 08–13727, 2010 WL 3908616, at *1 (E.D. Mich. Oct. 1, 2010) (quoting *Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003)). Notwithstanding the "mandatory language" of Rule 62(d) requiring bond, courts have construed the bond requirement to be discretionary. *Dubuc , supra* (citing *Hamlin v. Charter Twp. of Flint,* 181 F.R.D. 348, 353 (E.D. Mich. 1998)). While it is within the district court's discretion to dispose of the bond requirement, courts do so only in extraordinary circumstances, such as where it could be eliminated because it was clear that the appellant would be able to satisfy the judgment. *Dubuc, supra. See also Menovcik v. BASF Corp.,* No. 09–12096, 2012 WL 5471867, at *1(E.D. Mich. Nov. 9, 2012) (the Sixth Circuit has not outlined a specific test for deciding whether to grant a request for an unsecured stay, but the courts have tended to examine the purpose of Rule 62, which serves to protect both parties).

This Court finds no justification for a stay under the circumstances presented in this case. Defendant's challenge to the foreclosure was fully litigated and rejected in the related case of *Ervin Joseph Lamie, Jr. v. Federal Home Loan Mortgage Corporation*, Case No. 1:11-cv-156, pursuant to this Court's Opinion on May 21, 2012. Defendant did not appeal the judgment in the related case.

In this related summary eviction action, the Magistrate Judge found Plaintiff entitled to summary judgment under the doctrine of res judicata (Dkt 29 at 8), and this Court subsequently entered judgment in favor of Plaintiff and against Defendant (Dkt 38). This Court also denied Defendant's motion to proceed *in forma pauperis* on appeal, finding no good-faith basis for appeal

(Dkt 42). The Sixth Circuit subsequently likewise denied Defendant's motion for leave to proceed *in forma pauperis* on appeal, recounting the circumstances and history of both cases before this Court, and finding no good faith basis for appeal (Dkt 55). The Sixth Circuit concluded that this Court properly determined that Defendant's claims were barred by the doctrine of res judicata, stating:

> LaMie, Jr.'s claims asserted in case No. 1:11-cv-00577 all arose from the same transaction that was involved in case No. 1:11-cv-00156. Specifically, his claims seek to attack the foreclosure and the ultimate transfer of title, all of which could have been raised during the prior proceeding. Thus, because the claims he now raises could have been litigated during the prior action, res judicata bars him from pursuing those claims in case No. 1:11-cv-00577.

(Dkt 55 at 3.)

Thus, both this Court and the Sixth Circuit have found no good-faith basis for appeal in this case. Absent a good-faith basis for appeal, Defendant has failed to show that a stay of this case pending appeal is appropriate. The Motion to Stay Eviction Proceedings is therefore denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 49) are DENIED and the Report and Recommendation (Dkt 48) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Writ of Eviction (Dkt 43) is GRANTED.

**IT IS FURTHER ORDERED** that the Motion to Stay Eviction Proceedings (Dkt 53) is DENIED.


Dated: January 14, 2014

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge